Common Pleas Court of Williams County.

STATE OF OHIO, EX REL. CHAS. T. STAHL V.
DAVID A. WEBSTER.

Decided June 19, 1933.

*C. L. Newcomer,* for plaintiff.
*David A. Webster,* for defendants.

OVERMYER, J. (of Sandusky county, sitting by assignment)

The above action is pending on the docket of this court and is a suit to enjoin the defendant Webster from receiving, and the other defendants from issuing and paying, a warrant for money from the county treasury, claimed for services rendered by defendant Webster as special prosecuting attorney.

The matter submitted to this court is a motion to dismiss and dissolve the temporary injunction heretofore

granted herein on the ground that, "the judge of Common Pleas Court of Fulton county, Ohio, who granted the temporary restraining order in this cause, was without right or authority to issue or to make said order."

When the petition was filed in this court, plaintiff's counsel, without notice to the defendants, took the petition to the neighboring county of Fulton and presented the application for a temporary injunction to the resident Common Pleas judge of Fulton county, sitting on the bench of that county, and a temporary injunction was allowed, bond fixed and given. It is this method of securing the injunction which is attacked by the motion.

The question thus presented has given the court some concern because of the novelty of the question raised and the importance of any ruling made on the subject.

The question presented is: Can an applicant for an injunction leave the county of his residence and the residence of the defendant and the county wherein the suit is filed and wherein is present a duly qualified Common Pleas judge and Probate judge, and go to any other county of the state selected by him and, without notice to the defendant or anybody, secure an injunction from the Common Pleas Court of the county he so selects to visit?

Section 11877, General Code, provides as follows:

"* * * the injunction may be granted by the Supreme Court or a judge thereof, the Court of Appeals or a judge thereof in his district, *the Common Pleas Court or a judge thereof in his district,*" etc.

This statute was enacted no doubt when Common Pleas judges were elected in "districts" comprising several counties. The "district" of every Common Pleas judge now is his own county, giving the word one interpretation, and the entire state giving it another interpretation, for every Common Pleas judge, since 1912, is in effect a state judicial officer; authorized to hold court in any county of the state, and receiving a portion of his salary from the state treasury. Such decisions as *King* v. *King,* 38 O. S. page 370, and *State* v. *Thomas,* 61 O. S. 444, and the text in 23 Ohio Juris, 403, simply hold that a Common Pleas judge has authority to hold court in any county of his "district," but

that is not the question presented by this motion. Common Pleas judges frequently "trade" benches by agreement between themselves and no one questions their right so to do or questions their powers under such trade to make any order the resident judge could make if present. But can a litigant leave his own county and the situs of the suit and where the defendant resides, and voluntarily select any Common Pleas Court in Ohio to whom he may make application for the extraordinary remedy of injunction without a hearing and without notice to the defendant? If he can lawfully do so it ought to be made unlawful, for we can see the train of consequences following a ruling of the courts that such procedure is permissible. If he can go to a neighboring county for such purpose he can go to the remotest corner of the state as well.

The statutes provide that if the Common Pleas judge of a county is absent from the county, the Probate judge may grant injunctions in actions pending in either the Common Pleas Court or Court of Appeals of his county. Section 11878, General Code.

Section 1687, General Code, provides for the filing of an affidavit of bias or prejudice in Common Pleas Court when the judge is for such, or other reasons, disqualified to hear it, and the assignment by the Chief Justice of another judge to hear the matter in such cases.

With these statutes all of us are familiar, not only with the language of them but with their application and interpretation.

It is claimed that the local resident judge of this county of Williams signed a paper and gave it to counsel for the plaintiff, claiming himself disqualified through interest from hearing the application for injunction, and no doubt such paper was shown to the judge of Fulton county who granted the injunction. Under what statute of Ohio did the giving of such paper or letter to the litigant, authorize the litigant to go to some other county of his own selection and have the injunction allowed by the judge sitting in that county? I know of no statute authorizing the litigant to do any such thing, and in the absence of statutory authority to do it, this court readily rules that such procedure

cannot be followed because of the vicious practices which could and undoubtedly would grow up under such practice.

If the local judge felt himself disqualified to hear the application for injunction, one of two things could have been done, either a neighboring Common Pleas judge could have been called in to sit on this bench, in this court, to hear the matter, or a request could be made of the Chief Justice to assign a judge here. Still another way would have been for the local judge to absent himself from Williams county and thus qualify the Probate judge to allow the injunction.

There is a distinction always to be borne in mind between a Common Pleas "court" and a Common Pleas "judge." The Common Pleas Court of Williams county embraces the territory of Williams county and is complete when any qualified Common Pleas judge of Ohio is sitting in that court, no matter which Common Pleas judge of Ohio it is. The same of course is true of Fulton county or any other county. But when the Common Pleas judge of Fulton county makes an order in the "court" of Williams county while he is sitting on the bench in Fulton county, he is not a part of the "court" of Williams county at the time and certainly cannot act as the judge of Williams county court.

A Common Pleas judge may sit by assignment or invitation, in any Common Pleas Court in the state, and while so sitting he is the Common Pleas judge for that county and within that jurisdiction, but at that moment he is not a part of the "court" sitting in some other county or jurisdiction. In other words, Common Pleas "judges" are migratory and can be moved about the state, but Common Pleas "courts" are not migratory and cannot be moved about the state, and we should not want to be the court to make the rule that litigants can move about the state and select what court or judge may suit their fancy. Such procedure would throw the jurisdiction of Common Pleas courts into utter confusion and be followed no doubt by vicious practices on the part of litigants.

Counsel in a case may, and often do, by consent send a journal entry to a foreign judge who has heard a case and he signs it wherever it may find him, but that is a different matter, involving a clerical act. But a judicial

hearing, to be followed by judicial orders, should, and in the opinion of this court, must be held in the jurisdiction of the "court" wherein the action is pending, by any qualified judge who may sit in that "court."

It is only when the Common Pleas judge of Fulton county, or any other county, is sitting in Williams county that the constitution makes him the judge of the Williams county court.

There are two other specifications set up in the motion under consideration, one with reference to the insufficiency of the bond and the other with reference to the security for costs. Since the court will allow the motion on the first specification, discussed in this opinion, we will not pass on the other specifications at this time.

The first specification of the motion will be sustained, the temporary injunction heretofore granted herein will be dissolved, exceptions noted and appeal bond fixed at $100.00. Defendants granted ten days to plead.